UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06550-CAS(MRWx) | Date | May 5, 2016 |
|---|---|---|---|
| Title | JASON ALAN V. MESSAGE COMMUNICATIONS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 9, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

Plaintiff Jason Alan filed the instant putative class action on August 26, 2015 against defendants Message Communications, Inc. ("Message Communications") and Does 1 through 10. Dkt. 1. On February 16, 2016, the Court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution. Dkt. 9. In response, on February 24, 2016, plaintiff filed a proof of service with the Court indicating that plaintiff's process server had served Message Communications with the summons and complaint in this action by leaving the summons with a person at 916 Kenfield Avenue, Los Angeles, CA 90047. Dkt. 10.

On April 7, 2016, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Dkt. 13. On April 18, 2016, plaintiff filed an opposition, Dkt. 16, and on April 25, 2016, defendants filed a reply, Dkt. 17. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06550-CAS(MRWx) | Date | May 5, 2016 |
|---|---|---|---|
| Title | JASON ALAN V. MESSAGE COMMUNICATIONS, INC., ET AL. | | |

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital It'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). On a Rule 12(b)(5) motion, the court "must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When a plaintiff fails to meet his burden on such a motion, the district court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." 5B Wright & Miller, Federal Practice & Procedure § 1354 (3d ed. Apr. 2015); see Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976) (similar). Despite this discretion, courts have generally held that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

## III. ANALYSIS

Defendant moves to dismiss the complaint for insufficient service of process. As indicated on the website of the California Secretary of State, the correct address for service of process for defendant is 861 North Norman Place, Los Angeles, CA 90049. Felsenthal Decl., Ex. 3. Defendant's agent for service of process is an individual named Bobak Rokhsar. Id. In the instant motion, defendant contends that plaintiff did not serve it at this address and accordingly argues that the Court should find service insufficient.

Plaintiff responds that his process server attempted to serve defendant's agent at this address on twenty-two separate occasions between September 2015 and February 2016. Shaouli Decl. ¶ 3. With each attempt, the process servicer received no response

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06550-CAS(MRWx) | Date | May 5, 2016 |
|---|---|---|---|
| Title | JASON ALAN V. MESSAGE COMMUNICATIONS, INC., ET AL. | | |

and was unable to locate defendant's agent. Id. In addition, neighbors in the surrounding buildings confirmed that the address is usually vacant with little activity. Id. ¶ 4.

Given that plaintiff was unable to effectuate service of process at the address provided by defendant on the California Secretary of State's website, plaintiff avers that he was forced to resort to other means to serve defendant. Plaintiff states that he performed a Google search for defendant, which indicated that the president of defendant was a man named Robert Mahanian whoe resides at 916 Kenfield Avenue, Los Angeles, CA 90047. Shaouli Decl. ¶¶ 5-6. Pursuant to California Code of Civil Procedure § 416.10, a summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following means: (1) to the person designated as an agent for service of process; or (2) to the president, chief executive officer, or other head of the corporation. Cal. Code. Civ. P. § 416.10(a)-(b).

On February 17, 2016, plaintiff's process server attempted to serve defendant at 916 Kenfield Avenue, Los Angeles, CA 90047. Shaouli Decl. ¶ 7. According to plaintiff, a woman named "Ida Mahanian" answered the door and was provided with, among other documents, the complaint and summons in this action. Id. ¶¶ 10-11. Thereafter, these same documents were mailed to both 916 Kenfield Avenue Los Angeles, CA 90047 and 861 North Norman Place, Los Angeles, CA 90049. Id. ¶ 12. The documents were addressed to "Message Communications, Inc., Attn: Robert Mahanian." Id.

Defendant contends that, contrary to plaintiff's assertion, 916 Kenfield Avenue, Los Angeles, CA 90047 is not the address of Robert Mahanian. Rather, defendant states that Robert Mahanian has not resided at this address since 2006 and that his mother, Jackline Mahanian, now resides there. Defendant has submitted the declaration of Jackline Mahanian who states that she has never utilized the name "Ida Mahanian." Jackline Mahanian Decl. ¶ 4. Nonetheless, she concedes that plaintiff was most likely referring to her when he composed the Proof of Service that was submitted to the Court. Id.

Under California law, if personal service cannot be accomplished after "reasonable diligence," substitute service may instead be made by, among other things, "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06550-CAS(MRWx) | Date | May 5, 2016 |
| Title | JASON ALAN V. MESSAGE COMMUNICATIONS, INC., ET AL. | | |

member of the household or a person apparently in charge." Cal. Code of Civ. P. § 415.20(b). An individual who receives substituted service may be "apparently in charge" if the individual's "relationship to the person to be served makes it more likely than not that they will deliver process to the named party." Bein v. Brechtel–Jochim Group, Inc., 6 Cal. App. 4th 1387, 1393 (1992) (citation and quotation marks omitted). "Such 'substituted service' must be reasonably calculated to give the party being served actual notice of the action and an opportunity to be heard." Williams v. County of Los Angeles Department of Public Social Services, 2015 WL 5604584, at *5 (C.D. Cal. Aug. 26, 2015).

The Court finds that, under the circumstances, plaintiff has met his burden of demonstrating that defendant was properly served. In particular, given that plaintiff left the complaint and summons in the possession of a close relative of defendant's president, Robert Mahanian, and at an address to which Robert Mahanian still retains at least some association, the Court finds that this form of service was "reasonably calculated" to give defendant actual notice. See also id. at *6 ("[S]ubstituted service can be made to individuals who are 'apparently in charge' (i.e., someone 'more likely than not' to assure delivery of a complaint to the named party), not just those who are specifically 'authorized to accept service' on a defendant's behalf."). Accordingly, the Court DENIES defendant's motion.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |